1
2
3
4
5
6
7               IN THE UNITED STATES DISTRICT COURT FOR THE

8                       EASTERN DISTRICT OF CALIFORNIA

9
WILLIAM WALLER,                    )        1:08-cv-00725 AWI GSA
10                                 )
                                   )        FINDINGS AND RECOMMENDATIONS
11          Plaintiff,             )        REGARDING MOTION FOR DEFAULT
                                   )        JUDGMENT
12                                 )
      vs.                          )        (Documents 12 and 17)
13                                 )
                                   )
14   GARY AND KOBY TRANSPORTATION, )
     INC. DBA BEST QUALITY MOVERS, )
15                                 )
            Defendant.             )
16   _____)

17

18          Plaintiff William Waller ("Plaintiff") filed the instant motion for default judgment on June

19   13, 2008.  Plaintiff's counsel also filed a proposed substitution of attorney on August 11, 2008.  The

20   motion and proposed substitution of attorney were heard on August 29, 2008, before the Honorable

21   Gary S. Austin, United States Magistrate Judge.  Charles Hughes appeared on behalf of Plaintiff

22   William Waller.  Defendant Gary and Koby Transportation did not file an opposition or response to

23   the motion for default judgment and did not appear for the hearing.

24                                  **BACKGROUND**

25   _____On June 13, 2008, Plaintiff filed the instant motion against Gary and Koby Transportation

26   DBA Best Quality Movers.  The underlying action is one for liability of a motor carrier pursuant to

27   49 U.S.C. § 14706.

28                                       1

1    Plaintiff originally filed his complaint on June 7, 2007, and was proceeding pro se in the

2    District of Alabama.  On August 27, 2007, the Honorable Virginia Emerson Hopkins entered default

3    judgment in favor of Plaintiff and held a bench trial regarding Plaintiff's damages.  Following the

4    bench trial, Plaintiff filed a motion to transfer venue and requested that the court enter judgment as to

5    damages prior to such transfer.  In ruling on the Motion to Transfer Venue, the court found that

6    transfer was appropriate to the Eastern District of California, but that it had erred in entering default

7    judgment.  Accordingly, the court vacated the default judgment and transferred the action to the

8    Eastern District of California.

9         On April 28, 2008, Plaintiff, through retained counsel, filed an amended complaint in the

10   Sacramento Division of the Eastern District of California.  (Doc. 5).  The amended complaint alleges

11   three counts: (1) violation of 49 U.S.C. § 14706; (2) attorney's fees; and (3) negligence pursuant to

12   California Civil Code section 1714.  The complaint seeks damages totaling $119,848.00, along with

13   attorney's fees, prejudgment interest and postjudgment interest.

14        According to the amended complaint, Defendant received a shipment from Plaintiff that was

15   to be transported from California to Alabama.  The shipment was tendered to Defendant in good

16   order and condition.  While in transit, a number of goods in the shipment sustained loss or damage

17   and Defendant failed to deliver them in good order and condition.

18        Additionally, Defendant provided inaccurate times and dates for delivery of the goods.

19   Defendant also refused to complete delivery without payment of $5,400.00, which was greater than

20   the quoted price of $4,100.00.  When the goods were delivered, Defendant threw items off the back

21   of a truck and dragged them across a floor, causing damage to the floor and further damaging the

22   goods.  Defendant also destroyed a living room carpet by rupturing a container of cooking oil onto it.

23   *See generally* Amended Complaint.

24        Plaintiff further alleges that Defendant acknowledged liability for some claims at issue in the

25   action, but failed to pay Plaintiff.  Plaintiff filed a written notice of claim with Defendant on May 21,

26   2007.  Plaintiff also filed a written notice with Defendant on October 5, 2007.  Defendant allegedly

27   failed to acknowledge some or all of Plaintiff's claims.  Amended Complaint, at ¶¶ 12-14, 24.

28                                                      2

1    On April 29, 2008, the amended complaint was served on Steve Thompson, an office

2    manager at the office of Defendant Gary and Koby Transportation.  (Doc. 8).  On May 21, 2008,

3    Plaintiff requested entry of default as to Defendant.  (Doc. 9).  On May 22, 2008, the Clerk of the

4    Court (Sacramento Division) entered default based on Defendant's failure to appear or to answer.

5    (Doc. 10).  On May 23, 2008, the action was transferred from the Sacramento Division to the Fresno

6    Division of the Eastern District of California.  (Doc. 11).

7    Plaintiff filed the instant motion for default judgment pursuant to Federal Rule of Civil

8    Procedure 55(b)(2) on June 13, 2008.  Plaintiff originally scheduled the motion hearing for Friday,

9    June 27, 2008, but the hearing was rescheduled to July 7, 2008, and continued to July 25, 2008, to

10   allow for sufficient notice to Defendant and to comply with the Local Rules.  Defendant was served

11   with the notice of motion and motion for the rescheduled hearing.  (Doc. 15).  Thereafter, the hearing

12   was rescheduled to August 15, 2008, due to the unavailability of the court.  (Doc. 16).

13   On August 11, 2008, Plaintiff's counsel filed a proposed substitution of attorney, which

14   purported to substitute Plaintiff pro se in place of his current counsel, Charles Hughes.  (Doc. 17).

15   Plaintiff consented to the substitution.  Prior to issuing an order regarding the proposed substitution,

16   the court rescheduled the default judgment hearing to August 29, 2008.  By minute order, the court

17   informed the parties of its intention to hear Plaintiff's request for substitution of counsel on that

18   same date and time.  (Doc. 18).  Defendant was notified of the rescheduled hearing date.  (Doc. 19).

19   Defendant was served with the motion, but has failed to respond or otherwise communicate with the

20   court.

21                                **DISCUSSION**

22   A.    <u>Substitution of Attorney</u>

23   During the hearing on the motion for default judgment, Plaintiff's counsel withdrew his

24   request for substitution.  Accordingly, this Court recommends that Plaintiff's pending request for

25   substitution of counsel be DENIED.

26   ///

27   ///

28                                3

B.      Default Judgment

        Plaintiff moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that judgment may be entered:

> By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or competent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> > (B) determine the amount of damages;
> > (C) establish the truth of any allegation by evidence; or
> > (D) investigate any other matter.

"Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe & Concrete Products, Inc.* 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

        Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

C.      Plaintiff Is Entitled to Entry of Default Judgment

        Plaintiff seeks entry of default judgment against Defendant Gary and Koby Transportation, Inc. DBA Best Quality Movers.  Defendant's office manager, Steve Thompson, was served with a copy of the summons and Amended Complaint on April 29, 2008.[1]  (Doc. 8; Affidavit of C. Anthony

---

[1]   Federal Rule of Civil Procedure 4(h)(1) authorizes service upon a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and--if the agent is one authorized by statute to receive service and the statute so requires--by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4.  In turn, Rule 4(e)(1)

4

Hughes in Support of Default Judgment ("Hughes Affidavit"), at ¶ 2).  Defendant failed to respond to the complaint or otherwise appear in this action.  The Clerk of the Court entered default against Defendant on May 22, 2008.  (Doc. 10).  Defendant is not an infant or incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  Motion for Default, at p.1.

In light of Defendant's failure to appear, the apparent absence of excusable neglect, the risk of prejudice to Plaintiff resulting from the alleged breach by Defendant and the sufficiency of the complaint, Plaintiff is entitled to default judgment.

D.  <u>The Complaint is Sufficient to Support Plaintiff's Claim.</u>

1.  <u>The Complaint Alleges a Cause of Action Against Gary and Koby Transportation</u>

The Alabama District Court determined that Plaintiff's original complaint failed to allege a cause of action against "Gary & Kobe Transportation" because the complaint was totally silent as to any acts or omission of Gary & Kobe Transportation.  In the original complaint, Plaintiff alleged acts related solely to B.Q.M. Moving & Storage and generally contended that B.Q.M. was the alter ego of Gary & Kobe Transportation.  The Alabama District Court concluded that the facts recited in the complaint would not be sufficient under Alabama law to show alter ego status or to support default

---

allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." <u>Fed. R. Civ. P. 4</u>.

Under California law, a summons and complaint may be served on a corporation by delivering a copy of the documents by any of the following methods:

(a) To the person designated as agent for service of process [as provided by the California Corporations Code].

(b) To the president, chief executive officer or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

<u>Cal. Code. Civ</u>. Proc. § 416.10.  Here, the summons and complaint were served on the office manager. (Doc. 8, Return of Service).

1   judgment liability under a piercing the corporate veil theory against Gary & Kobe Transportation.

2          In his Amended Complaint, Plaintiff alleges that Defendant Gary and Koby Transportation,

3   Inc., is a corporation organized and existing under the laws of the State of California, with its

4   principal place of business located in Studio City, California.  Amended Complaint, at ¶ 2.  Plaintiff

5   also alleges that Gary and Koby Transportation, Inc. filed a fictitious name statement in Los Angeles

6   County on October 5, 2006, declaring that Defendant was doing business as "Best Quality Movers"

7   and that Defendant uses slight variations of its name, such as Gary & Kobe Transportation, Inc.,

8   Gary and Kolbe Transportation Inc., etc.  *Id*. at ¶ 3.  The remaining allegations in the Amended

9   Complaint allege action by the Defendant generally.  *See* Amended Complaint.

10         As stated, the Amended Complaint alleges that Defendant has used a designation of DBA or

11  "doing business as," which simply indicates that it operates under a fictitious business name.  *See*

12  *Pinkerton's Inc. v. Superior Court*, 49 Cal.App.4th 1342 (1996).  Under California law, the use of a

13  fictitious business name does not create a separate legal entity.  *Id.*  Accordingly, the complaint states

14  a cause of action against Defendant, whether operating as Gary and Koby Transportation, Inc. or

15  Best Quality Movers.

16             2.    Violation of 49 U.S.C. § 14706

17         The Interstate Commerce Act contains several provisions governing a motor carrier's liability

18  to a shipper for the loss of, or damage to, an interstate shipment of goods.  These provisions, which

19  are commonly referred to as the Carmack Amendment, have resided in different sections of Title 49

20  of the United States Code since their enactment in 1906.  The Carmack Amendment provides

21  shippers with the statutory right to recover for actual losses or injuries to their property caused by

22  carriers involved in the shipment.  *See Roberts v. North American Van Lines, Inc.*, 394 F.Supp.2d

23  1174, 1179 (N.D.Cal. 2004).  At all times relevant to this dispute, the pertinent part of the statute

24  provided as follows:

25         A carrier providing transportation or service subject to jurisdiction under [the
           Interstate Commerce Commission] shall issue a receipt or bill of lading for property it
26         receives for transportation under this part. That carrier and any other carrier that
           delivers the property and is providing transportation or service ... are liable to the
27         person entitled to recover under the receipt or bill of lading. The liability imposed

28                                                    6

under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States.... Failure to issue a receipt or bill of lading does not affect the liability of a carrier.  A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

49 U.S.C. § 14706(a).

The elements that a plaintiff must establish in order to plead a successful claim under the Carmack Amendment are: "(1) delivery of the goods to the initial carrier in good condition, (2) damage of the goods before delivery to their final destination, and (3) the amount of damages." *Beta Spawn, Inc. v. FFE Transp. Services, Inc.*, 250 F.3d 218, 223 (3rd Cir. 2001); *Roberts*, 394 F.Supp.2d at 1182.

Here, Plaintiff alleged that the shipment at issue was tendered to Defendant in good order and condition, while in transit a number of the goods sustained loss or damage and Defendant failed to deliver the shipment in good order and condition.  Amended Complaint, at ¶¶ 8-10.  Plaintiff also alleged "actual economic damages in the amount of $16,248.00." *Id*. at ¶ 11, 21.  Accordingly, Plaintiff has alleged the requisite elements of a claim under the Carmack Amendment.[2]

With regard to his cause of action for violation of the Carmack Amendment, Plaintiff seeks both actual economic damages ($16,248) and general damages ($100,000).  Amended Complaint, at ¶¶ 11, 21 and Prayer for Relief.  Under the Carmack Amendment, a shipper is allowed to recover the actual loss or injury to the property caused by the carrier.  *See* 49 U.S.C.§ 14706(a) ("liability ... is for the actual loss or injury to the property"); *see also*, *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 686 n. 2 (9th Cir. 2007) (quoting 49 U.S.C. § 14706(a)); *Harris v. Mayflower Transit, LLC*, 2007 WL 2253318, at *1 (E.D.Wash. August 2, 2007).  Thus, Plaintiff's relief should be limited to actual loss or injury to the property.  Although the Alabama District Court held an evidentiary hearing regarding the amount of damages, it did not rule on the issue before transfer to

---

[2]    It should be noted that the Alabama District Court specifically found that the Plaintiff's pro se complaint failed to allege any federal cause of action because the complaint referenced federal regulations.  The court indicated that if it were retaining the case, it would give the Plaintiff leave to amend to cure the deficiencies (if he could) to allege a federal claim.  In this instance, Plaintiff's Amended Complaint contains a cause of action under the Carmack Amendment.

7

1   the Eastern District of California.  Following transfer and the filing of the instant motion for default

2   judgment, Plaintiff did not provide a declaration or other document to this court in support of the

3   requested amount of damages.  As such, the court conducted an evidentiary hearing on August 29,

4   2008, regarding Plaintiff's damages.

5        *Evidentiary Hearing*

6        Plaintiff was sworn in and provided testimony in response to questions from his legal counsel

7   and questions from the court regarding his damages in this matter.[3]   During the course of his

8   testimony, Plaintiff referenced Exhibit 2 to the Amended Complaint, which was marked as Exhibit 1

9   to the Evidentiary Hearing.  This exhibit purports to be a letter from Plaintiff to "Gary & Kolby

10  Transportation" dated October 5, 2007, which identifies the cost or amount of loss of certain items

11  either missing or damaged in the shipment by Defendant.

12        The October 5, 2007 letter identifies a total of $451,361.00 in loss for the missing items.

13  Generally, Plaintiff testified consistently with the amounts listed in the October 5, 2007 letter.

14  However, during the course of the evidentiary hearing, Plaintiff testified that the amounts for two of

15  the listed items "Machinist rollaway with 35 year of tools Machinist tools" and "Precision tools and

16  chest" should be combined to $20,000.00 in amount.  The two items had been listed at $20,000.00

17  each.  Accordingly, based on Plaintiff's testimony, the amount of loss for the missing items should

18  be reduced by $20,000.00 to $431,361.00.

19        The October 5, 2007 letter also identifies at total of $15,718.00 in loss for the damaged items.

20  Plaintiff testified consistent with the damages outlined in the letter.  However, this amount includes

21  $3,650.00 for floor and carpet damage, which the court discusses below and recommends be

22  disallowed.  As such, Plaintiff's loss for damaged items is reduced by $3,650.00 to $12,068.00.

23        Based on Plaintiff's testimony, Plaintiff's actual loss or injury to the property totals

24  ─────────────

25       [3]    Plaintiff reported that the Alabama District Court had retained all exhibits from the previous evidentiary
         hearing.  This Court attempted to locate the records in the Fresno Division of the Eastern District of
26       California, but was unsuccessful.  The Court informed Plaintiff and his counsel that it would attempt to
         obtain the exhibits either from the Sacramento Division or the District of Alabama, but the hearing may
27       be delayed.  Plaintiff declined the Court's offer and elected to proceed  without the exhibits at the
         evidentiary hearing.

28                                                          8

$463,429.00.  However, Plaintiff testified at the hearing that certain of his valuations were based on sentiment, internet auction website amounts for specified items and estimates.  Plaintiff did not provide the court with any other documentation supporting the value of the missing or damaged items.  The court has taken such valuations into account and notes that, in his Amended Complaint, Plaintiff sought actual economic damages of $16,248.00.  Federal Rule of Civil Procedure 54(c) provides: "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."  Fed. R. Civ. P. 54(c); *Scala v. Moore McCormack Lines, Inc.,* 985 F.2d 680, 683 (2d Cir.1993); *In re Dierschke,* 975 F.2d 181, 185 (5th Cir.1992) ("Rule 54(c), and for that matter fundamental fairness, dictate that a judgment by default operates as a deemed admission only as to the relief requested in the complaint."). Since the damages resulting to Plaintiff's property as testified to by Plaintiff, $463,429.00, greatly exceeds the amount of actual damages requested in the complaint, we recommend that Plaintiff's award be proportionally reduced to reach a total of $16,248.00 in actual damages.  *See, e.g.,* *Libertad v. Sanchez,* 134 F.Supp.2d 218, 230 (D.Puerto Rico 2001) (proportionally reducing actual damages that greatly exceeded the amount of damages requested in the complaint); *Horizon Distributors, Inc. v. GP & E Operating,* LP 2008 WL 2338213, *4 (N.D.Tex.,2008) ("relief prayed for in a complaint cabins the relief available on default judgment").

        3.    Attorneys' Fees

Plaintiff seeks an award of reasonable attorney's fees pursuant 49 U.S.C. § 14704(e). Amended Complaint, at ¶ 29.  Section 14704 applies to those situations where a person is injured because a carrier does not obey an order of the Secretary or the Board.  *Ford v. Allied Van Lines, Inc.,* 1997 WL 317315, at *3 (D.Conn. June 3, 1997) (granting motion to dismiss where complaint did not allege a prima facie case under the Carmack Amendment and where there was no basis for award of attorneys' fees).  Plaintiff has not alleged a cause of action pursuant to section 14704. Instead, Plaintiff has alleged a cause of action pursuant to section 14706.

A shipper can recover attorneys' fees in a Carmack claim involving household goods in certain limited circumstances.  *See* 49 U.S.C. § 14708.  In *Campbell v. Allied Van Lines Inc.,* 410

1  F.3d 618 (9th Cir. 2005), the Ninth Circuit indicated that to receive an award of attorneys' fees

2  pursuant to section 14708, a plaintiff must timely submit a claim for the loss of household goods,

3  prevail in a court action and have no arbitration decision rendered in the dispute.

4      Section 14708 requires the shipper to submit a claim to the carrier within 120 days after the

5  shipment is delivered or the date the delivery is scheduled.  Here, Plaintiff appears to have met the

6  requirements for an award of attorney's fees under section 14708.  Plaintiff alleges that the goods

7  were transported in April or May 2007.  Thereafter, Plaintiff submitted a claim to the carrier on May

8  21, 2007.  There is no indication that the parties proceeded to arbitration or that an arbitration

9  decision was rendered.  As default judgment appears appropriate, Plaintiff has prevailed in this

10  action.  Accordingly, Plaintiff appears to have met the requirements for an award of attorney's fees

11  pursuant to section 14708, but because he has failed to plead the appropriate statute authorizing the

12  award of such fees, his request should be denied.

13      4.    State Negligence Claim

14      Plaintiff also asserts a cause of action for negligence under state law pursuant to California

15  Civil Code section 1714.  Plaintiff alleges that Defendant was negligent for failing to deliver the

16  household goods in good condition and that Plaintiff suffered damage by the loss of and damage to

17  certain goods, including $3,600 in damages to the flooring at Plaintiff's house by rupturing a

18  container of cooking oil on the living room carpet when delivering the goods.

19      The Carmack Amendment preempts a state common law action against a common carrier for

20  damage to belongings transported in interstate commerce.  *See Adams Express Co. v. Croninger*, 226

21  U.S. 491, 505-506 (1913); *Hughes Aircraft v. North American Van Lines*, 970 F.2d 609, 613 (9th

22  Cir. 1992).  Specifically, the Ninth Circuit has held that the Carmack Amendment preempts state law

23  claims for negligence.  *Hughes Aircraft Co.*, 970 F.2d at 613.  The Ninth Circuit also has applied

24  such preemption where the claims arise from events other than loss or damage to the property

25  shipped.  *Hall*, 476 F.3d at 689-90.  As Plaintiff's negligence claim is preempted by the Carmack

26  Amendment, the court recommends that his requested relief under this cause of action be denied.

27

28                                        10

1          5.        Prejudgment Interest

2    _____The Carmack Amendment does not explicitly provide for the award of prejudgment interest.

3    An award of prejudgment interest in such cases is committed to a court's broad discretion.  *See*

4    *Ambromovage v. United Mine Workers*, 726 F.2d 972, 981-82 (3rd Cir. 1984).  "Awards of

5    prejudgment interest are governed by considerations of fairness and are awarded when it is necessary

6    to make the wronged party whole."  *In re Acequia, Inc.*, 34 F.3d 800, 818 (9th Cir. 1994) (citations

7    omitted).  The purpose of the Carmack Amendment is to compensate shippers whose goods are

8    damaged while in the possession of a carrier.  Accordingly "[a]ward of pre-judgment interest as part

9    of the full actual loss is proper under the Carmack Amendment." *Co-Operative Shippers, Inc. v.

10   Atchison, Topeka and Santa Fe Railway Co.*, 624 F.Supp. 797, 800 (N.D.Ill.1985), *aff'd in part, rev.

11   in part,* 840 F.2d 447 (1988).  Thus, the court recommends that Plaintiff be awarded prejudgment

12   interest.

13         6.        Postjudgment Interest

14         Courts have awarded postjudgment interest in Carmack Amendment claims.  *See*, *e.g.*, *Rini v.

15   United Van Lines, Inc.*, 903 F.Supp.234, 239 (D.Mass. 1995).  At least one district court reasoned

16   that the application of a uniform federal rate for postjudgment interest complies with the goal of the

17   Carmack Amendment to establish consistent federal law in the commerce area.  *Fine Foliage of

18   Florida, Inc. v. Bowman Transp., Inc.*, 698 F.Supp. 1566 (M.D. Fla. 1988).  In so deciding, the court

19   awarded a plaintiff postjudgment interest at the statutory rate supplied in 28 U.S.C. section 1961.  In

20   this instance, the Court finds postjudgment interest appropriate and recommends that Plaintiff be

21   awarded postjudgment interest at the statutory rate identified in 28 U.S.C. section 1961.

22                              **RECOMMENDATION**

23         For the reasons discussed above, the Court RECOMMENDS that:

24         1.        Plaintiff's proposed substitution of attorney be DENIED.

25         2.        Plaintiff's motion for default judgment in favor of Plaintiff and against Defendant

26                   Gary and Koby Transportation, Inc. DBA Best Quality Movers be GRANTED IN

27                   PART and DENIED IN PART.

28                                            11

3.      Plaintiff be AWARDED actual damages in the amount of $16,248.00, along with prejudgment interest and postjudgment interest in accordance with 28 U.S.C. § 1961.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** __**September 12, 2008**__        _____**/s/ Gary S. Austin**_____
                                             UNITED STATES MAGISTRATE JUDGE

12